## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

```
DANIEL L. O'VADKA AND              )
TINA M. O'VADKA,                   )
                                   )
Plaintiffs,                        )
                                   )
   v.                              )    NO. 3:07-CV-159
                                   )
JOSEPH S. VAN BOKKELEN-UNITED      )
STATES ATTORNEY-NORTHERN DISTRICT  )
OF INDIANA, CLIFFORD D. JOHNSON-   )
ASSISTANT UNITED STATES ATTORNEY,  )
AND JOHN DOES WHICH CANNOT BE      )
IDENTIFIED WITHOUT DISCOVERY, ALL  )
DEFENDANTS AS INDIVIDUALS,         )
                                   )
Defendants.                        )
```

### OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (D.E. # 4) filed by the Plaintiffs on May 15, 2007. For the reasons set forth below, this motion is **DENIED.**

On April 5, 2007, *pro se* Plaintiffs Daniel and Tina O'Vadka filed a 74-page Complaint (D.E. # 1) against the lawyers who defended federal employees in a prior court case that the Plaintiffs lost. The Defendants in the currently pending case are Clifford D. Johnson ("AUSA Johnson"), an Assistant United States Attorney for the Northern District of Indiana, and Joseph S. Van Bokkelen ("USA Van Bokkelen"), the former United States Attorney for the Northern

District of Indiana (collectively, the "Defendants"). The Plaintiffs also include John Does as Defendants.

The Defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The Defendants' grounds for dismissal are based on the premise that they are entitled to absolute immunity for their actions in defending the prior lawsuit, which they claim is the only prior contact they have had with the Plaintiffs. Defendants also claim that, to the extent the Plaintiffs allege that the Defendants improperly failed to prosecute, the Defendants are entitled to absolute immunity.

Although the Defendants may be entitled to immunity for many, if not all, of their allegedly improper actions in this case, dismissal is not appropriate because the Defendants failed to make the requisite showing that each allegedly improper action is within the scope of immunity. *Imbler v. Pachtman,* 424 U.S. 409, 419 n.13 (1976); *Auriemma v. Montgomery*, 860 F.2d 273, 275-78 (7th Cir. 1988). That is, the Defendants' mere assertion that certain actions are within the scope of immunity or within the scope of employment is not enough. The Defendants are not entitled to a blanket grant of immunity merely because they defended the government or because they are prosecutors. *Auriemma*, 860 F.2d at 277. To be entitled to absolute immunity, the Defendants must show that each allegedly improper act was intimately associated with the judicial process.

*E.g., id.* at 275-78. Defendants also must show that the Plaintiffs have gone beyond the requirements of Rule 8 of the Federal Rules of Civil Procedure and plead themselves out of Court. *See, e.g., Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000). Certainly, this may be difficult given the confusing nature of the Plaintiffs' allegations. In any event, because the Defendants have failed to meet their burden of proof, the Defendants' motion to dismiss is **DENIED**.

**DATED: January 17, 2008**          /s/ RUDY LOZANO, Judge
                                     **United States District Court**